IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KEDRIEN BOOKER | § | |
| v. | § | Civil Action No. 5:25cv154-RWS-JBB |
| ANDREA R. BROWN, ET AL. | § | |

ORDER VACATING REPORT AND RECOMMENDATION
AND INITIAL PARTIAL FILING FEE AND COLLECTION ORDER

The Plaintiff Kedrein Booker, an inmate proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636.

While Plaintiff did submit an application for leave to proceed *in forma pauperis* (Dkt. No. 2), he did not submit an inmate trust fund data sheet or inmate account summary sheet certified by an officer at the institution in which he is presently confined, as required by 28 U.S.C. § 1915(b). On October 3, 2025, the Court ordered Plaintiff, within thirty days from the date of receipt of the order, to either (1) pay the statutory $405.00 filing fee, or (2) furnish an application to proceed *in forma pauperis* accompanied by a properly certified *in forma pauperis* data sheet or inmate account summary sheet. Dkt. No. 3. Plaintiff failed to do so. Therefore, on November 5, 2025, the undersigned entered a Report and Recommendation, recommending that the above lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Dkt. No. 5 (further advising Plaintiff that if he filed, within the objection period, a properly certified *in forma pauperis* data sheet or inmate account summary sheet, the undersigned would withdraw the Report and Recommendation and consider the data sheet in conjunction with Plaintiff's application for

leave to proceed *in forma pauperis*).

On November 24, 2025, Plaintiff filed a certified trust fund data sheet. Dkt. No. 9. Therefore, the Court vacates the November 5, 2025 Report and Recommendation. Dkt. No. 5. Rather than recommend dismissal at this time, the Court considers Plaintiff's Application for Leave to Proceed *In Forma Pauperis*.

The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay an initial partial filing fee. The Act further requires prisoners thereafter to pay the balance of the full filing fee. The Court having considered the application in light of PLRA finds that the following order should be entered.

It is **ORDERED** that:

1. The Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2), in consideration with the certified trust fund data sheet (Dkt. No. 9), is **GRANTED**. 28 U.S.C. § 1915. The granting of this motion does not relieve the Plaintiff of the responsibility of paying the full filing fee or any partial fees connected therewith, unless and until this Court directs otherwise, regardless of the disposition of the case. Because the Plaintiff has been granted *in forma pauperis* status, the amount of the filing fee is $350.00.

2. The Clerk shall file the Plaintiff's pleadings without prepayment of the filing fee.

3. Because the Plaintiff has no current assets, no partial filing fee shall be assessed. This does not relieve the Plaintiff of his obligation to pay the full filing fee, regardless of the disposition of the case.

4. Service of process shall be withheld pending screening pursuant to 28 U.S.C. § 1915A.

5. No amendments or supplements to the complaint shall be filed without prior approval. A complete amended complaint shall be attached to any motion to amend.

6. There will be no discovery in the case at this time. *See* Fed. R. Civ. P. 26. If the Defendants are ordered to answer, then all parties are to disclose to one another all information relevant to the claim or defense of any party within 30 days after an answer is filed. The parties are to promptly file with this Court a notice of disclosure after such disclosure has taken place. *See* Rule CV-26, Local Rules of the Eastern District of Texas.

7. All discovery in this case is stayed until an order to answer is filed.

8. No motions for appointment of counsel shall be filed until the Court has completed its screening pursuant to 28 U.S.C. § 1915A.

9. The Plaintiff shall notify the Court of any changes of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in the case being dismissed for want of prosecution.

10. In the event that the Plaintiff subsequently receives deposits in his inmate trust account, the agency having custody of the Plaintiff shall deduct 20% of each deposit made to the Plaintiff's inmate trust account and forward payments to the Court on a regular basis provided the account exceeds $10.00.

11. In the event that the Plaintiff is released from custody, the filing fee is still due and payable. Failure to make arrangements with the Court for payment of the fee may result in the dismissal of the case for want of prosecution.

12. The Clerk shall notify TDCJ of this order via email at ctfcourt.collections@tdcj.texas.gov or by mailing a copy of this Order to the TDCJ Inmate Trust Fund, Attention Court Collections, P. O. Box 629, Huntsville, Texas, 77342-0629.

<u>NOTICES TO THE PLAINTIFF</u>:

    a. If you do not wish to prosecute this action, you may notify the court in writing, by letter or motion, that you wish to voluntarily dismiss this civil action.

    b. Upon receipt of the initial partial filing fee, the Court, as required by the PLRA, will order the agency having custody of the plaintiff to make monthly withdrawals from his inmate account and forward them to the Court until the balance of the full filing fee is paid. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

    c. State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division which is dismissed as frivolous or malicious. Tex. Gov. Code Ann. § 498.0045.

SIGNED this the 2nd day of December, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE